REPUBLIC UNDERWRITERS *v.* WOODALL.

4-4878

Opinion delivered January 10, 1938.

*Willis V. Lewis* and *Troy W. Lewis,* for appellant.
*Horace Sloan,* for appellees.

McHANEY, J. On July 7, 1936, appellant issued its automobile liability policy to appellee, Woodall, which

among other things insured him against loss or damage to his automobile caused by accidental collision or upset. The policy as issued covered a 1934 Chevrolet coach automobile for a period from July 7,. 1936, to July 7, 1937. In October, 1936, said Woodall purchased a new 1937 model Plymouth sedan, and a rider was attached to the policy transferring the coverage to the new Plymouth car. On November 16, 1936, he overturned and wrecked his new car and appellant was promptly notified. Shortly thereafter, a representative of appellant met Woodall in Jonesboro, secured several bids from garages for repairing the car, which ranged from $325 to a sum slightly less than the cost of the wrecked car, and these bids were discussed between Woodall and said representative and an agreement of settlement was reached whereby Woodall was to receive and did receive the wrecked car and $387.50 in settlement of his claim under the policy. A draft was given to him in said sum as also the car and he made, executed and acknowledged a release in writing exonerating appellant from all further liability. The release and the draft were dated November 19, 1936. On November 30, 1936, he became dissatisfied with his settlement and wrote a letter to appellant repudiating and rescinding his settlement agreement and release made on November 19, and demanding an additional sum which appellant refused to pay. On January 8, 1937, suit was brought for $604.41 in damages against appellant by appellees, Woodall and Mercantile Bank, the latter being the holder of unpaid title retaining notes in the sum of $304 against the wrecked car, of which title appellant had notice as it had attached a rider to the policy protecting the Mercantile Bank on its title retaining notes to the extent of its interest. The bank was not consulted at the time appellant made its settlement with Woodall. The draft was never cashed, but was tendered in court at the time suit was brought. The basis of the action was fraudulent representations made by appellant's agent which consisted of statements as to what the bids for repairing the car amounted to. Appellant defended the action on the ground of settlement and

denied all allegations and misrepresentations of fraud practiced by it and attached the release executed by Woodall as an exhibit to its answer. Trial resulted in a verdict and judgment for the full amount sued for, less $50 deductible under clause three of the policy, and the case is here on appeal.

The only error argued on this appeal for a reversal of the judgment is that the evidence is not sufficient to support the verdict and the court erred in not directing a verdict in appellant's favor at its request. We do not discuss the evidence to determine whether there was a sufficient showing of misrepresentation and fraud on the part of appellant's agent in securing the settlement for the reason that appellee, Mercantile Bank, who was the owner of the title retaining notes on the wrecked car was not consulted about the settlement and it was the party primarily in interest. Not only did it hold the title retaining notes but the policy of insurance itself had a rider showing this interest of the Mercantile Bank. Under these circumstances, Woodall had no right to execute a release which would be binding on the Mercantile Bank. Not having done so, we think the bank had the right to maintain this action even though we should find that no fraud was practiced on Woodall in securing the settlement.

We find no error, and the judgment is affirmed.